UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED: 12/18/20
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

| | |
|---|---|
| **CRISPINA MEILY** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO.** |
| § | ~~4:20cv961~~ |
| **SHARING SERVICES GLOBAL** § | |
| **CORPORATION f/k/a SHARING** § | |
| **SERVICES INC.** § | |
| § | |
| **Defendant.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Crispina Meily now files this Original Complaint and would show the Court as follows:

### I. PARTIES

1. Plaintiff Crispina Meily is an individual residing in Collin County, Texas.

2. Defendant Sharing Services Global Corporation f/k/a Sharing Services Inc. ("SHRG") is a Nevada corporation doing business in the State of Texas and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas, 78701.

### II. JURISDICTION

3. This court has original jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617 *et. seq.*

### III. VENUE

4. Venue is proper in this Court because the acts forming the basis of this lawsuit occurred in Collin County, Texas.

**PLAINTIFF'S ORIGINAL COMPLAINT**  1

## IV.     FACTS

5.      SHRG is a publicly traded holding company specializing in direct selling (multi-level marketing). SHRG owns, operates, or controls an interest in a variety of companies that either sell products to the consumer directly through independent representatives or offer services including health and wellness, energy, technology, insurance services, and travel services. Its subsidiaries include Elevacity Global LLC ("Elevacity"), and Elepreneur, LLC ("Elepreneur"). Until May 2019, SHRG was known as Sharing Services Inc.

6.      Ms. Meily was hired by SHRG in March 2018 as the assistant to Robert Oblon (founder and Chairman of the Board) and VP Sean Wilson. She also served as receptionist. She was originally classified as a contractor, but in June 2018 she was made a regular full-time employee.

7.      SHRG experienced periods of significant change in 2018 and 2019. In March 2018, John "JT" Thatch became President and CEO. In August 2018, Keith Hall became President of Elepreneur, and Ms. Meily's duties were expanded to include serving as his assistant. That continued until October 2018 when Sean Wilson hired a new assistant. Ms. Meily then continued as a receptionist and assisted Keith Hall with expenses and other tasks.

8.      Mr. Oblon resigned his position with SHRG in February 2019 and was removed as CEO of Elevacity and Elepreneur in May of 2019. Mr. Oblon and SHRG subsequently became adverse to one another setting off at least two lawsuits in late 2019. In March of 2019, Ms. Meily was reassigned to customer service/field support.

9. These changes in job duties and the corporate infighting that led to the ouster of, and subsequent litigation with, Mr. Oblon (SHRG's founder), were extremely stressful for Ms. Meily. In addition, her supervisor's overbearing management style in customer service compounded the stress. Nevertheless, Ms. Meily was committed to SHRG and her employment there. She had no intention of resigning, but the stress did begin to have a serious impact on her mental health.

10. On September 16, 2019, Ms. Meily began inpatient treatment for severe depression, anxiety, and stress. SHRG approved her request for leave under the Family and Medical Leave Act, and she remained on leave while she recovered as on outpatient.

11. On October 4, 2019, while Ms. Meily was on FMLA leave, SHRG served her with a subpoena and Request for Production relating to a lawsuit SHRG filed against Robert Oblon in Collin County, Texas. Ms. Meily had to hire counsel to file a motion for protective order asserting in part that the subpoena violated her rights under the FMLA by requiring her to perform work on behalf of the Company while on FMLA leave.

12. On December 9, 2019, Ms. Meily returned to work per her physician's release. She was immediately called into a meeting with Susan Potter of Human Resources and Cathy McCain, General Counsel. They advised her that she was being terminated effective immediately. When she asked why, they responded that it wasn't because of her FMLA leave, but because she was unhappy being employed there.

13. It is Plaintiff's position that she was harassed while on FMLA through the service of the subpoena and Request for Production of Documents and ultimately terminated in retaliation for exercising her rights under the FMLA.

### V.     CAUSE OF ACTION—FMLA RETALIATION

14. Plaintiff incorporates paragraphs 1-13 herein by reference as if set forth in full.

15. Defendant SHRG is an employer as that term is defined under the federal Family and Medical Leave Act and is subject to the provisions of that Act.

16. Plaintiff exercised her rights under the FMLA by taking a leave of absence for a serious medical condition.

17. Defendant harassed Plaintiff during the period of her leave and ultimately terminated her employment in retaliation for exercising her rights under the FMLA.

18. As a proximate result of Defendant's conduct, Plaintiff suffered damages including economic and mental distress damages for which she sues herein.

19. In addition, Defendant's conduct was willful, thus warranting an award of liquidated damages.

### VI.     PRAYER

20. Plaintiff prays that the Court enter judgment in her behalf and declare that the actions of Defendant violated the Family and Medical Leave Act and award Plaintiff her actual economic damages, liquidated damages, costs of court, and reasonable and necessary attorney's fees with pre- and post-judgment interest at the highest rate permitted by law.

### VII.     JURY DEMAND

21. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff requests that the Court enter judgment for Plaintiff as described herein, that Plaintiff be awarded her damages, costs and attorney's fees as set

forth above, and that Plaintiff be awarded such additional recovery to which the Court finds her justly entitled.

                    Respectfully submitted,

/s/ R.S. Ghio_____
R.S. Ghio
Texas State Bar No. 00787531

**DISMUKE & WATERS, P.C.**
2000 East Lamar Blvd., Suite 500
Arlington, Texas 76006
Tel.: (817) 277-2077
rghio@dw-law.com
ATTORNEY FOR PLAINTIFF